# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        :
                                  :
                                  :       ID No. 2203013232A/B

v.                               :
                                  :

MARCUS BAILEY,         :
                                  :

    Defendant.           :

Submitted: January 8, 2025
Decided:   February 3, 2025

## ORDER

On this 3rd day of February 2025, having considered Defendant Marcus Bailey's motion to withdraw his guilty plea and the State's response in opposition, it appears that:

1. The State charged Mr. Bailey for the robbery, shooting, and intentional murder of Bruce Wright occurring on March 24, 2022.  The first day of trial was scheduled for April 22, 2024.  Immediately before the Court seated a jury, however, Mr. Bailey elected to plead guilty to the reduced charges of Murder Second Degree and Possession of a Firearm During the Commission of a Felony.  The Court ordered a presentence investigation, and with joint input from the parties, set his sentencing date for August 13, 2024.  On the day of his sentencing, Mr. Bailey requested to withdraw his guilty plea.  That same day, his counsel sought to withdraw from their representation based upon an irreconcilable conflict.  The Court granted their request to permit the Office of Conflict Counsel to substitute counsel and to permit Mr. Bailey additional time to present his motion seeking to withdraw his plea.

2.   Upon a substitution of counsel, the Court held a zoom conference to confirm if Mr. Bailey still desired to pursue the motion.   He did, and the parties requested an extended time to order the transcript and to brief the matter.   Their briefing concluded by joint agreement on January 8, 2024.

3.   Mr. Bailey contends that he should be permitted to withdraw his guilty plea because he did not enter it knowingly and voluntarily.  He contends primarily that his attorneys colluded with his mother to force him to enter the plea.   He also contends that his legal counsel provided him inadequate representation.

4.   The standard for permitting a defendant to withdraw a guilty plea before sentencing is found in Superior Court Criminal Rule 32(d).   The Court can permit a defendant to withdraw his or her plea before sentencing for "any fair and just reason."[1]   There are five factors the Court must evaluate when considering the motion.  They include:

> (1) whether there was a procedural defect when taking the plea;
> (2) whether the defendant knowingly and voluntarily consented to the plea;
> (3) whether the defendant has a basis to assert legal innocence;
> (4) whether the defendant had adequate legal counsel; and
> (5) whether a plea withdrawal would prejudice the State or unduly burden the Court.[2]

5.   Here, when applying these factors, one through four weigh heavily against Mr. Bailey's motion. The  fifth weighs neutrally.   On balance, Mr. Bailey  presents no fair and just reason to withdraw his plea after evaluating these factors and giving the appropriate weight to each.

6.   First, Mr. Bailey concedes that there was no procedural defect when the Court took his plea. He acknowledged during his plea colloquy, after the prosecutor placed the terms of the plea on the record, that he understood the charges and was guilty of

---

[1] Super. Ct. Crim. R. 32(d).
[2] *Scarborough v State*, 938 A.2d 644, 649 (Del. 2007).

them.[3]  He then unequivocally waived his trial and appeal rights.  Accordingly, there were no procedural defects.

7.  Second, Mr. Bailey is bound by his statements during the plea colloquy. There, he represented under oath that that he understood the nature of his plea and that he knowingly and voluntarily entered it.  Furthermore, as to his understanding, the Court reviewed a prison phone call recording of Mr. Bailey's conversation with his girlfriend from shortly before his scheduled sentencing.[4]  He told her that he was changing his mind about going to trial, but everything in that recorded call demonstrated his understanding of the process and what he had done.  Finally, as to his voluntariness, he asserts that his attorneys told him he would lose if he went to trial.  He further asserts that based upon his attorneys' advice he was scared he would be convicted.  His fear resulting from the frank and candid advice from two attorneys who advised him to take a plea to reduce his exposure to a minimum mandatory life sentence did not make his plea involuntary.[5]  Nor did his mother's urging him to take a plea in the face of that risk rise to the level of coercion.[6]  He entered his plea knowingly and voluntarily.

8.  Third, the Court must determine whether there was a "basis to assert legal innocence."[7]  The evidence available to the State was strong—in fact, it was overwhelming.  To that end, Mr. Bailey demonstrates no reasonable basis to assert legal innocence.  Namely, an eyewitness present at the murder scene identified Mr.

---

[3] *See* Def.'s App. to Mot. to Withdraw Guilty Plea at A84–103 [hereinafter the Court will refer to the Appendix as "R. at . . ."].

[4] State's Resp. to Def.'s Mot. to Withdraw Guilty Plea, Ex. A.

[5] *See generally State v. Hartman*, 2004 WL 2419162, at *2 (Del. Super. Oct. 6, 2004), *aff'd*, 918 A.2d 338 (Del. 2007) (recognizing that under Superior Court Criminal Rule 32(d), the fact that a defendant claimed to be "stressed" from the advice of both his attorney and family when they told him he should take a plea deal because he would "almost surely lose at trial" did not provide a basis for relief).

[6] *See id.*

[7] *Carney v. State*, 319 A.2d 842, 846 (Del. 2024).

3

Bailey as the perpetrator who shot Mr. Wright in the back of the head when robbing him.[8]  That same witness told the police that the shooting and robbery occurred after she arranged a meeting between Mr. Bailey and Mr. Wright, and that Mr. Bailey wore a black ski mask when committing the crimes.[9]  The police later found a black ski mask in the trunk of the car that the perpetrator used to flee the scene.[10]  That ski mask contained Mr. Bailey's DNA.[11]  Moreover, Mr. Bailey penned a note in one of his phone applications admitting the following:

> I just got off the bracelet the same day I did a hit I don't need a stolen car all I need is legit all I need was my mask this is not my first this is not my last.[12]

Finally, the Department of Correction also recorded Mr. Bailey during a phone call made shortly before the anticipated trial where he discussed paying a witness money for certain testimony.[13]  That demonstrated additional consciousness of guilt.

9.   Fourth, Mr. Bailey does not demonstrate that his counsel was inadequate.  To the contrary, he contends only that their advice that he would likely be convicted of Murder First Degree made their efforts inadequate.  At the outset, he identifies nothing to demonstrate that they were less than diligent when representing him.  Moreover, the Court recognizes counsels' considerable efforts to secure a reverse-*Franks* hearing to challenge the seizure of Mr. Bailey's DNA.[14]  The Court declined to suppress the evidence, but that does not detract from counsels' competent performance.[15]  Furthermore, Mr. Bailey confirmed under oath in his plea colloquy that his attorneys did everything they could reasonably do for him.  The evidence

---

[8] R. at A40.
[9] *Id*. at A41.
[10] *Id*. at A45, 63.
[11] Def.'s Mot. to Withdraw Guilty Plea at ¶ 18.
[12] *Id*.
[13] State's Sentencing Memorandum, Ex. A.
[14] *See generally State v. Bailey*, 2024 WL 1299702 (Del. Super. Mar. 27, 2024).
[15] D.I. 66.

against Mr. Bailey was overwhelming and counsels' efforts were objectively reasonable. Mr. Bailey likely benefitted considerably from the plea. As a result, he suffered no discernable prejudice on this record.

10. The fifth factor weights neutrally. Namely, as Mr. Bailey asserts, the burden on the Court itself is minimal. On the other hand, as the State asserts, proceeding with a trial at this point could materially prejudice its ability to present its case. Witnesses' memories fade and securing their appearances becomes more difficult, and sometimes impossible, with the passage of time. To permit Mr. Bailey to rescind his knowing and voluntary guilty plea would provide for a trial that would proceed more than a year after he entered his plea. That would prejudice the State. On balance, however, the Court weighs this factor as neutral when considering both the impact on the Court and the State.

11. In summary, the totality of the five *Scarborough* factors weigh strongly against permitting Mr. Bailey to withdraw his guilty plea. He has failed to demonstrate a fair and just reason to do so on this record.

**WHEREFORE**, Mr. Bailey's motion to withdraw his plea is **DENIED**. The Court will contact the parties to set a sentencing date as soon as practical.

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Resident Judge

oc: Prothonotary
sc: Counsel of Record

5